IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

NOV 25 1991

Jesse E. Clark, Clerk

| | |
|---|---|
| JUSTIN LEE MAY,<br>    Petitioner,<br><br>v.<br><br>JAMES A. COLLINS,<br>    Respondent. | §<br>§<br>§<br>§  CIVIL ACTION NO. G-91-419<br>§<br>§<br>§<br>§ |

### ORDER

At 5:15 p.m. this date, this Court issued an order denying petitioner Justin Lee May's petition for writ of habeas corpus and motion for stay pending appeal. At 5:20 p.m., this Court received May's reply brief in support of petition for a writ of habeas corpus and of motion for stay of execution purportedly raising additional reasons for the relief requested. Specifically, May now challenges the state court factfindings as not entitled to a presumption of correctness. Although this Court's earlier order addressed the reasons that the state court factfindings were entitled to a presumption of correctness in this case, the Court issues this addendum to its previous order to clarify its ruling.

As addressed in this Court's earlier order, this Court determines that the state court factfindings are entitled to a presumption of correctness. The presumption of correctness attaches in this case first because May received an adequate "hearing" at the state court level: Judge Ray Gayle, III, judge presiding over both the trial on the merits and the state petition

1

193

for habeas corpus, resolved credibility questions not only upon affidavits, but also upon his own observations at trial. In such a situation, the procedure which Judge Gayle used to resolve the state habeas corpus petition amounts to a "hearing" under the Fifth Circuit analysis in Buxton v. Lynaugh, 879 F.2d 140, 144-46 (5th Cir. 1989), cert. denied, 110 S.Ct. 3295 (1990) and eliminates the need for an independent federal fact determination. Additionally, the presumption of correctness attaches in this case because the state court factfindings are fully supported by the record. Based upon the foregoing, it is

ORDERED that:

1. May's petition for writ of habeas corpus is DENIED.
2. May's motion for stay of execution is DENIED.
3. May's motion for leave to proceed in forma pauperis is GRANTED.
4. May is GRANTED leave to proceed in forma pauperis on appeal.
5. May is DENIED a certificate of probable cause.

SIGNED at Houston, Texas, on this the 25th day of November, 1991.

DAVID HITTNER
United States District Judge

2