IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| LEONEL TORRES HERRERA, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> JAMES A. COLLINS, ) <br> Director, Texas Department ) <br> of Criminal Justice, ) <br> Institutional Division, ) <br> ) <br> Respondent. ) | CIVIL ACTION <br> NO. _____ |

RESPONSE/TRAVERSE TO STATE'S MOTION TO DISMISS

Comes the Petitioner and respectfully submits this response to the State's motion to dismiss and shows as follows, to-wit:

1. Undersigned counsel has just received and read parts of the State's Response to the Petitioner for Writ of Habeas Corpus. While counsel's reading has been a cursory one, it is plain that what the response does not do is establish that a stay of execution would be improper. In this Circuit for a stay of execution to enter a movant need not "'show a probability of success on the merits, [but] he [or she] must present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in the favor of granting the stay.'" Clark v. Collins, No. 92-2036 (5th Cir. January 16, 1992)(citation omitted). Petitioner has plainly met this standard.

2. With respect simply to the <u>Brady</u> claim, Petitioner feels compelled to mention three things in response to the State's pleading. First, the State's pleading is materially inaccurate and misleading with respect to what was presented to the state courts. In footnote 8, the State indicates that neither the affidavit of Jose Ybarra nor a set of newspaper articles were submitted in state court. In fact, Ybarro's affidavit appears in the state court record attached to the Petitioner's Reply to State's Brief in Response to Petitioner's Petition for Writ of Habeas Corpus, and Supplemental Motion for Stay of Execution filed January 11, 1991, in the Texas Court of Criminal Appeals. The newspaper articles were submitted as Appendix item 12 in state court. Counsel is concerned that Respondent has failed to perform its responsibility, imposed under the Rules governing habeas corpus proceedings, to provide to the federal courts the complete state court record.

2. Second, the state complains that Petitioner has not pled what was withheld. It was pled with specificity -- law enforcement officials from Hidalgo county investigated these crimes, law enforcement officials from Hidalgo county knew that Petition was innocent, and they knew that Rucker was involved with the Sheriff in the drug trade and that the Sheriff's involvement with drugs contributed to the offense. In this Circuit, Respondent's contention that no allegation of prosecutor knowledge and suppression was made is of no moment -- law enforcement knowledge is imputed to the prosecutor. <u>United States v. Antone</u>, 603 F.2d 566 (5th Cir. 1979).

3. Finally, Respondent contends that because Petitioner and/or his family knew about the police involvement, the allegations should have been brought forward earlier. In Petitioner's letter, introduced by the state at trial, allegations that Rucker was involved in illegal activities were made. This obliged the state to reveal any evidence of such allegations, but instead the letter earned Petitioner a brutal beating, and more beatings later. It was not healthy for Petitioner to accuse police of misconduct. And when he complained at trial, he was told by the judge not to open his mouth. Blaming him for having been silenced is a bit macabre. Petitioner contends that persons in the Valley are scared to death to speak of these things. Petitioner needs federal help to keep the state from intimidating persons more. What is remarkable is that the allegations have surfaced at all, and their existence plainly tilts the balance of equities heavily in favor of a stay of execution. Clark, supra.

4. If any allegation can be raised at this time, it is that an innocent person is about to be executed. Russell v. Collins, No. 91-2987 (September 18, 1991)(5th Cir. September 18, 1991)(manifest injustice shown when petitioner produces "some evidence that man was in fact innocent", slip op. at 8.). That is what should be of concern, not some procedural nicety, and Petitioner has demonstrated that he is entitled to a stay of execution.

Respectfully submitted,

Mark E. Olive
Attorney for Petitioner
2804 Glennis Court
Tallahassee, FL. 32304
(904) 644-7710

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the foregoing pleading has been served by facsimile transmission upon counsel for Respondent:

Office of the Attorney General
State of Texas
Price Daniel, Sr., Bldg.
Austin, Texas 78711

this /16/ day of February 1992.