United States District Court
Southern District of Texas
FILED

FEB 17 1992

Jesse E. Clark, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

FEB 18 1992

Jesse E. Clark, Clerk
By Deputy:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

LEONEL TORRES HERRERA, §
    §
    Petitioner, §
    §
v. § CIVIL ACTION NO. M-92-30
    §
JAMES A. COLLINS, DIRECTOR §
TEXAS DEPARTMENT OF §
CRIMINAL JUSTICE, §
INSTITUTIONAL DIVISION, §
    §
    Respondent. §

ORDER

For the reasons set forth in Memorandum of even date herewith, the Court is of the opinion that the Respondent's Motion for Dismissal pursuant to Rule 9(b) should be GRANTED IN PART and that the Respondent's Motion for Summary Judgment should be GRANTED IN PART and that the Motion for Stay of Execution of the Petitioner should be GRANTED. It is therefore,

ORDERED, ADJUDGED, AND DECREED, that the Respondent's Motion for Dismissal as to Petitioner's second, third, fourth and fifth claims for relief is hereby GRANTED, and that the Respondent's Motion for Summary Judgment as to the portion of Petitioner's first claim as to any constitutional violation under Brady is GRANTED and the Motion for Stay of Execution be GRANTED as per order of even date herewith.

It is further ORDERED that this Court will retain jurisdiction of the Petitioner's sole remaining claim which is the portion of Claim Number I in which he alleges he is actually innocent and that

his execution would violate his eighth and fourteenth amendment rights until noon, February 21, 1992 at which time said claim shall be DISMISSED without prejudice provided Petitioner shall have filed by then the appropriate application with the state trial court of his alleged constitutional actual innocence claim along with his evidence on that issue including his recently acquired evidence on that issue. If same be sooner said DISMISSAL shall take effect at the time of filing of said application. Petitioner shall notify this Court and Respondent immediately prior to filing his state application, if same will be filed, so that this Court can sign the appropriate DISMISSAL order on this issue. If this Court should be reversed on the holding on the claim of alleged actual innocence, this Court, as an alternative and independent grounds, would retain jurisdiction of this case until the opinion of the Fifth Circuit Court of Appeals in <u>May v. Collins</u> No. 91-6273 would be handed down and this Court could determine whether the holding in that case would have any application to this case.

The Clerk shall send a copy of this Order to Counsel for Petitioner and counsel for Respondent.

Done this 17th day of February, 1992, at McAllen, Texas.

```
                                    _____
                                    Ricardo H. Hinojosa
                                    UNITED STATES DISTRICT JUDGE
```