United States District Court
Southern District of Texas
FILED

FEB 17 1992

Jesse E. Clark, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

LEONEL TORRES HERRERA, §
§
Petitioner, §
§
v. § CIVIL ACTION NO. M-92-30
§
JAMES A. COLLINS, DIRECTOR §
TEXAS DEPARTMENT OF §
CRIMINAL JUSTICE, §
INSTITUTIONAL DIVISION, §
§
Respondent. §

## ORDER STAYING EXECUTION

Petitioner Leonel Torres Herrera was found guilty of capital murder and given a sentence of death by the 197th Judicial District Court of Cameron County, Texas. A Motion for Stay of Execution and a Petition for Writ of Habeas Corpus, pursuant to Title 28 U.S.C. § 2254, was filed with this Court on Sunday, February 16, 1992. Petitioner is scheduled to be executed on Wednesday, February 19, 1992. This Court has issued a Memorandum and Order of even date herewith which disposes of all Petitioner's claims except the portion of his first claim for relief, which the Court has retained jurisdiction over, where he alleges that he is actually innocent and that his execution would violate his eighth and fourteenth amendment rights. This Court considers this latter issue as one which requires that the Petitioner be afforded the opportunity to expeditiously present his constitutional claim of alleged actual innocence along with his evidence, including his most recently acquired evidence on said issue to the state trial court for its

consideration.   Therefore, this Court hereby GRANTS a Stay of Execution until noon February 21, 1992 or the time when Petitioner shall file his application with the state trial court, whichever occurs sooner.

In the event that this issue would not be found of sufficient grounds for granting a stay of execution, this Court, as an alternative and independent grounds for granting the stay, would note that Petitioner argues that he has not been provided a full and fair hearing as he alleges is constitutionally required since no evidentiary hearing was provided by the state trial court judge after he submitted some affidavits and this Court would therefore grant a stay pending the Fifth Circuit Court of Appeals opinion in May v. Collins, No. 91-6273 which raises similar issues as to when an evidentiary hearing is required where, as here, the evidence is also a claim of actual innocence and affidavits are involved.

The Court has considered the applicable legal standard enunciated in Selvage v. Lynaugh, 842 F.2d 89 (5th Cir. 1988) in granting a stay as follows:

> (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest. O'Bryan v. McKaskle, 729 F.2d 991, 993 (5th Cir. 1984); O'Bryan v. Estelle, 691 F.2d 706, 708 (5th Cir. 1982), cert. denied, 465 U.S. 1013, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984); Ruiz v. Estelle, 666 F.2d 854, 856 (5th Cir. 1982).
>
> In a capital case "while the movant need not always show a probability of success on the merits, he must present a substantial case on the merits when a serious legal question is involved and show that the balance of the

> equities [i.e. the other three factors] weighs heavily in
> the favor of granting the stay." *O'Bryan v. McKaskle*,
> 729 F.2d at 993 (quoting *Ruiz v. Estelle*, 666 F.2d at
> 856).
>
> *Celestine v. Butler*, 823 F.2d 74, 77 (5th Cir. 1987),
> cert. denied, ____U.S.____, 108 S.Ct. 6, 97 L.Ed.2d 796
> (1987); see also *Streetman v. Lynbaugh*, 835 F.2d 1521,
> 1524 (5th Cir. 1988) (emphasis added).

The Court finds that a stay in this case for the reasons stated in this ORDER and Memorandum of even date herewith is appropriate.  It is THEREFORE,

ORDERED, ADJUDGED and DECREED that Petitioner's Motion for Stay of Execution be hereby GRANTED and that Petitioner's execution shall be STAYED until noon, February 21, 1992 or until the time Petitioner shall file his application with the state trial court on the constitutional claim of alleged actual innocence along with his evidence on said issue including his recently acquired evidence, whichever occurs first.  In the event that the stay is not upheld on the prior grounds, this Court would grant, as an alternative and independent ground, a stay until the opinion of the Fifth Circuit Court of Appeals in May v. Collins No. 91-6273 would be handed down and this Court could determine its application to this case.

It is further ordered that the Clerk shall give immediate telephonic and telegraphic notice to James A. Collins, Director, Texas Department of Criminal Justice, Institutional Division, to the Honorable Ann Richards, Governor of the State of Texas; and to the Honorable Dan Morales, Attorney General of the State of Texas that Leonel Torres Herrera's execution is stayed by order of this Court.  A certified copy of this Order shall be subsequently served

3

upon these persons by the Untied States Marshal.

The Clerk shall send a copy of this Order to Counsel for Petitioner and counsel for Respondent.

Done this _17th_ day of February, 1992, at McAllen, Texas.

Ricardo H. Hinojosa
UNITED STATES DISTRICT JUDGE

4