IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| LEONE TORRES HERRERA,<br><br>           Petitioner,<br><br>vs.<br><br>JAMES A. COLLINS,<br>Director, Texas Department<br>of Criminal Justice,<br>Institutional Division,<br><br>           Respondent. | CIVIL ACTION<br>NO. M - 92 - 30 |

MOTION TO ALTER AND AMEND JUDGMENT AND FOR
RECONSIDERATION OF ORDERS ENTERED FEBRUARY 17, 1992

Comes the Petitioner and respectfully requests that this Court enter an Order altering and amending its Orders of February 17, 1992, and for cause shows:

1. This case is at the pleading stage. A petition has been filed which contains allegations with respect to claims for relief. Under the rules governing habeas corpus proceedings, these allegations are to be taken as true for purposes of determining whether Petitioner is entitled to an evidentiary hearing.

2. Petitioner has pled with specificity that his conviction and sentence were had via suppression by the state of its knowledge that Petitioner was innocent, that one of the victims was involved in the illegal drug trade, and that the Sheriff of Hidalgo County was involved with illegal drug

trafficking with that victim and the defendant's family. Petitioner alleged that the prosecution knew, or knowledge was imputed to the prosecution, that Petitioner was innocent and that the offense involved law enforcement illegal drug activity.

3. Petitioner submitted with the petition affidavits and other materials which demonstrated that the allegations were made in good faith. Those materials were not intended to be the proof, and did not contain the sum total of what would be produced at an evidentiary hearing. At the pleading stage, Petitioner simply pled; at an evidentiary hearing he will present proof. The allegations are to be accepted as true for purposes of resolving the issue of Petitioner's right to an evidentiary hearing, and Petitioner contends that this Court was simply mistaken as a matter of law to suggest in its Order of February 17, 1992, that the Claim should be denied because "Petitioner fails to adequately demonstrate any evidence of withholding" or by referring to the appendix and concluding that the claims should be dismissed because materials in the appendix "fail[ed] to make any showing." It is to the pleading alone that the Court is to look, and the pleading demonstrates a fundamental miscarriage of justice and a _Brady_ violation.[1]

---

[1] If provided an evidentiary hearing, and with sufficient funds and investigators as required by federal law, Petitioner would demonstrate many things which are not contained in the appendix. For example, Petitioner would demonstrate that law enforcement officials from both counties, and the sheriff, regularly visited the Herrera home throughout the petitioner's trial and threatened the family that they should not expose the law enforcement drug dealing.

WHEREFORE, Petitioner respectfully requests that this Court enter an Order altering and amending its Orders of February 17, 1992, and ordering a.) an evidentiary hearing on Petitioner's <u>Brady</u> claim because it involves a fundamental miscarriage of justice, 2.) a stay of execution so as to allow time to conduct the required evidentiary hearing, and 3.) the provision of investigators as requested in the Renewed Motion for Appointment of Counsel, for Ex Parte Hearing for Investigators, and for State of Execution.

Respectfully submitted,

*[signature]*

Mark E. Olive
Attorney for Petitioner
2804 Glennis Court
Tallahassee, FL. 32304
(904) 644-7710

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the foregoing pleading has been served by facsimile transmission upon counsel for Respondent:

Office of the Attorney General
State of Texas
Price Daniel, Sr., Bldg.
Austin, Texas 78711

this 18th day of February 1992.

*[signature: Phyllis L. Croc...]*