IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *LEONEL TORRES HERRERA,* | § | |
| *Petitioner* | § | |
| | § | |
| *v.* | § | Civil Action No. M-92-30 |
| | § | |
| *JAMES A. COLLINS, DIRECTOR* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| *Respondent* | § | |

**RESPONSE TO PETITIONER'S MOTION TO ALTER, AMEND,
VACATE OR RECONSIDER JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES James A. Collins, Director, Texas Department of Criminal Justice, Institutional Division, Respondent herein, through the Attorney General of Texas, and files this Response to Petitioner's Motion to Alter, Amend, Vacate or Reconsider Judgment. In support thereof, Respondent would show the Court the following:

I.

Petitioner, hereinafter "Herrera," asks this Court to alter, amend, or vacate its order of February 18, 1992, in which the Court certified its dismissal with respect to Claims 2-5 as a final appealable judgment. Because this Court lacks jurisdiction to take the requested action, Herrera's motion is not properly before the Court.

II.

The course of proceedings in the current litigation is as follows: On February 16, 1992, Herrera filed a second federal petition alleging five claims for relief. In its memorandum opinion of February 17, 1992, this Court granted the state's motion for summary judgment on Herrera's *Brady v. Maryland* claim, retained

jurisdiction on his claim of "innocence," and dismissed claims 2-5 as an abuse of the writ. *See* Fed. R. Civ. P. 9(b). The following day, Herrera filed a Rule 59(e) "Motion to Alter and Amend Judgment and for Reconsideration of Orders entered February 17, 1992,"[1] asking this Court to reinstate the *Brady* claim and order a hearing on the issue. The Court granted the motion and scheduled a hearing. The same day, Herrera sought certification under Rule 54(b), specifically requesting that this Court enter final judgment on claims 2-5 of his petition to "enable Petitioner to appeal the other issues, and, if necessary, seek a stay of execution with respect to those issues in the Appellate court." *See* Petitioner's Request for Certification Under Rule 54(b). Herrera also requested a certificate of probable cause to appeal on all claims. The Court certified pursuant to rule 54(b), entered final judgement on Herrera's remaining claims, and granted the certificate of probable cause.

The Fifth Circuit rejected claims 2-5 as an abuse of the writ "for the reasons stated by the district court." Slip op at 4. It further vacated this Court's grant of a certificate of probable cause to appeal claims 2-5:

> The district court issued a certificate of probable cause (CPC) with respect to claims 2-5, although it rejected any relief on these claims. This certificate implies that the district court found that petitioner had made a substantial showing of a denial of a federal right with respect to these claims. *Barefoot v. Estelle*, 463 U.S. 880 (1983). ...
>
> *For the reasons stated by the district court, we fully agree that claims 2,3,4, and 5 are barred because the petitioner abused the writ. We find no substantial grounds upon which relief might be granted on these claims.* Accordingly, we vacate the certificate of probable cause as improvidently granted. *See Cuevas v. Collins*, 932 F.2d 1078, 1082 (5th Cir. 1991).

*Herrera v. Collins*, No.92-2114 (5th Cir. Feb. 18, 1992) (emphasis supplied).

---

[1] A "motion for reconsideration" is treated as a motion to alter or amend the judgment. *Flores v. Procunier*, 745 F.2d 338, 339 (5th Cir. 1984).

III.

In his request for certification pursuant to Rule 54(b), Herrera specifically asked this court to relinquish jurisdiction over claims 2-5, thereby allowing him to appeal. Herrera specifically elected to appeal these issues, and they have been decided adversely to him. Now that he has appealed and lost, Herrera seeks to revisit this Court's order dismissing his claims as final and appealable.

Relying on this Court's reasoning, the Fifth Circuit unequivocally found that claims 2-5 were subject to dismissal for writ abuse, and in denying C.P.C., found that Herrera had made no substantial showing of the denial of a federal right. This Court is bound by the mandate of the Fifth Circuit, and no longer has jurisdiction to entertain Herrera's remaining claims. His 59(e) motion is thus not properly before the Court. At this juncture, there is nothing subject to litigation with respect to claims 2-5 save the propriety of Herrera's motion.

Further, to act on his motion would only frustrate the operation of Federal Rules of Civil Procedure. The purpose of a Rule 59(e) motion is to suspend the finality of judgment for the purposes of appeal. It was never intended as a vehicle to relitigate issues already decided on appeal. Under normal appellate timetables, the pendency of a 59(e) motion renders a notice of appeal a nullity. *See* Fed. R. Civ. P. 4(a)(4); *Craig v. Lynaugh*, 846 F.2d 11 (5th Cir. 1988). However, if a notice of appeal is given, the subsequent filing of a motion under Rule 59, even if otherwise timely, is ineffective because jurisdiction of the case is no longer in the district court. *See* Wright & Miller, Federal Practice & Procedure: Civil § 2821 (1973).

Herrera's 59(e) motion was filed within ten days of the Court's order dismissing and granting C.P.C. but *after* his notice of appeal and *after* the Fifth Circuit's final disposition of his claims on appeal. Accordingly, claims 2-5 of Herrera's second writ are no longer pending in this Court, and cannot be reopened by a 59(e) motion. Once the Court surrendered its jurisdiction at Herrera's request

and dismissed his claims as final and appealable, it forfeited the power to reconsider its previous order of dismissal absent a specific direction from the appeals court. Any attempt to do so now would be a nullity.

Alternatively, this Court cannot treat Herrera's motion to vacate as a Rule 60 motion for relief from judgment or order. Herrera can show none of the grounds necessary to grant such a motion: mistake, surprise, excusable neglect, newly discovered evidence which by due diligence could not have been discovered earlier, misrepresentation, or any other reason justifying relief from the operation of judgment. *See, e.g. Flores v. Procunier*, 745 F.2d 338, 339 (5th Cir. 1984). Because Herrera's motion is not properly before the Court, the Court has no jurisdiction to act on, much less grant, the relief requested.

WHEREFORE, Respondent respectfully requests that Herrera's motion to alter, amend, vacate or reconsider its order dismissing claims 2-5 of his petition be dismissed.

Respectfully submitted,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY F. KELLER
Deputy Attorney General

MICHAEL P. HODGE
Assistant Attorney General
Chief, Enforcement Division

4

ANDREA L. MARCH
Assistant Attorney General
State Bar No. 12967800

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
Fax No. (512) 463-2084

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I, Andrea L. March, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Response to Petitioner's Motion to Alter, Amend, Vacate or Reconsider Judgment has been served by Federal Express this the 30th day of March, 1992, addressed to:

Mark Evan Olive
2804 Glennis Court
Tallahassee, Florida 32304

Phyllis L. Crocker
Texas Resource Center
1206 San Antonio St.
Austin, Texas 78701
(Via Facsimile)

ANDREA L. MARCH
Assistant Attorney General

5