United States District Court
Southern District of Texas
FILED
MAY - 8 1993
Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED
MAY 10 1993
MICHAEL N. MILBY, CLERK
By Deputy:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| LEONEL TORRES HERRERA, | § | |
| Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. M-92-30 |
| JAMES A. COLLINS, DIRECTOR TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, | § § § § § | |
| Respondent. | § § | |

## M E M O R A N D U M

Petitioner Leonel Torres Herrera, by counsel, filed his "Motion to Alter, Amend, Vacate or Reconsider Judgment" pursuant to FED.R.CIV.P. 59(e), in which the Petitioner requests that the Court review the Order entering judgment dismissing Petitioner's claims numbered II, III, IV, and V and granting the Petitioner's Application for Certificate of Probable Cause in this his second federal Petition for Writ of Habeas Corpus. The Court hereby issues the following ruling.

The underlying facts and procedural steps of this case have been recited a number of times, most recently and comprehensively by the United States Supreme Court in its opinion regarding Petitioner's freestanding actual innocence claim. <u>Herrera v. Collins</u>, ____U.S.____, 113 S.Ct. 853 (1993).

Before reaching the merits of Petitioner's motion, the Court first addresses whether it has jurisdiction to entertain the request. The Respondent questions whether this Court may consider a Rule 59(e) motion at this time, mistakenly arguing that the

dismissal of Claims II through V was appealed. In fact, the Respondent appealed this Court's Order Staying Execution, which was based solely upon Petitioner's first claim for relief. Although this Court issued a Certificate of Probable Cause at Petitioner's request and severed the dismissal of Claims II through V as a final appealable judgement, the Petitioner did not file any notice of appeal nor did he appear to pursue any further appeal of these claims.

In ruling upon the Respondent's appeal, the Fifth Circuit felt compelled by the "press of time" to discuss the propriety of this Court's issuance of the Certificate of Probable Cause on Claims II through V. Herrera v. Collins, 954 F.2d 1054 (5th Cir.) aff'd., ___ U.S. ___, 113 S.Ct. 853 (1993). Although the opinion touched upon Petitioner's claims II through V, this Court for purposes of the present motion will not assume that the appellate court intended, as the Respondent urges, to preclude any further review of those claims by this Court under proper motion.

The Petitioner contends in his present Motion that this Court erroneously dismissed Claims II, III, IV, and V, and asks the Court to vacate the Order dismissing these claims. The Petitioner appears to specifically contest the Court's ruling as to Joseph Bressler's jury service referred to in claims II and III. Also, the Petitioner believed that the previously pending decision in Sawyer v. Whitley, ___ U.S. ___, 112 S.Ct. 2514 (1992), would favorably define the contours surrounding the doctrine of abuse of the writ. Now decided, it is apparent that nothing in Sawyer

2

suggests that this Court applied the wrong analysis with regard to any of Petitioner's claims II through V.

Although this is Petitioner's second habeas petition, Petitioner sought to excuse his latest habeas claims under two exceptions to the abuse of writ standard. Under the first exception, "[t]o excuse [a petitioner's] failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions." McCleskey v. Zant, ____ U.S. ____, 111 S.Ct. 1454, 1470 (1991). This Court has already found that the Petitioner failed to show cause for not presenting these claims in his first federal habeas petition. Accordingly, the Court was not required to reach the question of whether the Petitioner was prejudiced. McCleskey v. Zant, at _____, 111 S.Ct. at 1474. Petitioner does not specify any error in that finding, and this Court's further review confirms its correctness.

The Petitioner also sought to excuse his abusive claims by invoking the "miscarriage of justice" exception. Under this exception, federal courts can entertain successive or abusive petitions. The Supreme Court has stated that there are "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime. We have described this class of cases as implicating a fundamental miscarriage of justice." McCleskey v. Zant, at ____, 111 S.Ct. at 1470 (citing Murray v. Carrier, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643 (1986)). The Supreme Court has "emphasized the narrow scope

3

of the miscarriage of justice exception." Sawyer v. Whitley, at \_\_\_\_, 112 S.Ct. at 2519.

This Court has already held that Claims II through V could not be considered under the miscarriage of justice exception in its prior memorandum. Although Petitioner has made no showing of any error in that holding, the Court will again briefly address the two related claims upon which Petitioner appears to place most reliance.

Petitioner's claims II and III both relate to a Brownsville Police Detective Joseph Bressler, who sat and deliberated on the jury in Petitioner's trial for the murder of Los Fresnos Police Officer Enrique Carrisalez.[1] In essence, the Petitioner asserts that Juror Bressler was biased and that this violated his right to an impartial jury. The Petitioner contends that Bressler's bias is shown by his occupation as a police officer, and newly found evidence that Bressler allegedly carried a weapon during the trial, and allegedly lied during voir dire when he said he did not know the victim.

The trial transcript of the voir dire offers an extended colloquy among state trial court Judge Darrell Hester, counsel for both parties, and Bressler, at the end of which Bressler was seated as a juror. (Trial Record, vol. IX, pp. 102-21). Petitioner's

---

[1] In the briefing of these claims, Petitioner made some conclusory remarks as to three other jurors (two of whom were relatives of police officers and another an acquaintance of Trooper Rucker, who was killed the same night as Officer Carrisalez). The two claims, however, focus on the service of Bressler and the present motion specifically addresses Bressler.

4

trial counsel did not seek to have Bressler removed for cause, but did seek an additional preemptory challenge, which was refused. Judge Hester concluded, "[h]aving been both defense counsel and prosecutor and observed the demeanor of [Bressler], frankly, if I were the State, I'd excuse him and if I were the defendant, I'd take him." (Record at 120).

The newly found "evidence" relied upon by Petitioner consists of two hearsay upon hearsay affidavits prepared by investigators for Petitioner's counsel, who state that they interviewed two jurors from Petitioner's trial more than eight years after the trial, and unsuccessfully attempted to have the jurors execute affidavits. Petitioner presents one affidavit, which was apparently presented to the state court, with hearsay evidence that a juror (who has refused to sign an affidavit to that effect) has indicated to an investigator for Petitioner that Bressler was armed during the proceedings and had known Carrisalez[2], although during voir dire he claimed he did not. (Appendix to Petition No. 13). An additional affidavit has been filed with this Court, but apparently not with the state court, alleging that another juror had stated that Bressler, at the start of jury deliberations, expressed his view that the Petitioner was guilty, had stated facts about Petitioner that were not in evidence, and that his views had an influence on her decision. Said juror has not only refused to sign such an affidavit but, in fact, when requested to do so, stated

---

[2] The previous Memorandum filed by the Court incorrectly stated that petitioner claimed Juror Bressler knew Officer Rucker.

5

that she would not sign such an affidavit as it was not true. (Appendix to Petition No. 14). Thus, little or no credence can be given this affidavit and it is of little consequence that this was not presented to the state court.

In his Claim II Petitioner has made extensive argument concerning his view that a police officer should not have served as a juror in his case, but this Court has found no legal support for a finding that this was a constitutional violation. In addition in his Claim III Petitioner argues that Bressler was armed during his jury service and that he had lied about knowing Carrisalez during voir dire. To obtain relief on the grounds that Bressler allegedly lied during voir dire, the Petitioner "must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." McDonough Power Equipment v. Greenwood, 464 U.S. 548, 556, 104 S.Ct. 845, 850 (1984); Burton v. Johnson, 948 F.2d 1150, 1155 (10th Cir. 1991) (applying standard to habeas action).

Under section 2254(d), when a state court conducts a "hearing on the merits of a factual issue," a federal habeas court is required to accord the state court findings of fact a presumption of correctness. Sumner v. Mata, 449 U.S. 539, 101 S.Ct. 764 (1982). The presumption of correctness attaches both to determinations of a state trial court and those of a state appellate court. Id. at 546, 101 S.Ct. at 769. The presumption applies unless the Petitioner proves the existence of one or more

6

of the conditions listed in paragraphs (1) through (7) of section 2254(d) or unless this Court concludes that the state court determination is not fairly supported by the record. Under Sumner and section 2254, a "hearing" does not necessarily entail an evidentiary hearing, Buxton v. Lynaugh, 879 F.2d 140, 144 (5th Cir. 1989) cert. denied, Buxton v. Collins, 497 U.S. 1032, 110 S.Ct. 3295 (1990). For a hearing on the merits of a factual issue, section 2254(d) provides no other requirements "than that the habeas applicant and the State or its agent be parties to the state proceeding and that the state-court determination be evidenced by 'a written finding, written opinion, or other reliable and adequate written indicia.'" Id. (quoting Sumner v. Mata, at 546-47, 101 S.Ct. at 768-69). In Patton v. Yount, 467 U.S. 1025, 1037-38, 104 S.Ct. 2885, 2891-92 (1984), the Supreme Court found that the presumption of correctness applied to a trial court's resolution of questions concerning an individual juror's partiality.

The same state judge who presided over the trial has entered findings of fact and conclusions of law on Petitioner's state habeas claims which include the same claims as those alleging Bressler's bias in Claims II and III of this Petition. The state trial court found that Bressler had not been challenged for cause and thus Petitioner was barred from making claims about his bias because he was a police officer. In addition the state trial court found that "[a]pplicant's claim that Juror Bressler was armed while on jury duty, or made a statement contradictory to one made by him on voir dire, is premised solely upon an affidavit of hearsay by an

7

employee of Applicant's present counsel. Nothing at the trial or in its record remotely suggests that [the claim that Bressler lied at voir dire and that he was armed] has any basis in fact." Ex Parte Herrera, No. 71,171, Amended Order of February 14, 1991. The Texas Court of Criminal Appeals denied the Petitioner relief on the juror claims on the basis of the trial Court's findings and conclusions.

In light of the state court's finding, and the presumption of correctness that applies to it, and the Petitioner's failure to establish by convincing evidence as required by section 2254(d) that the factual determination by the State Court was erroneous, it is apparent that Petitioner cannot establish the first prong of McDonough, which requires the Petitioner to demonstrate that Juror Bressler lied on voir dire about knowing the victim. McDonough Power Equipment v. Greenwood, at 556, 104 S.Ct. at 850. Thus, the Court need not reach the second prong of McDonough to conclude Petitioner is not entitled to relief.

This Court is cognizant of the Fifth Circuit Court of Appeals' comment in its decision on Respondent's appeal, that "[f]or the reasons stated by the district court, it correctly rejected petitioner's claims 2, 3, 4 and 5 because the petitioner has clearly abused the writ as to those claims," Herrera v. Collins, 954 F.2d at 1032. In addition a review by this Court of the applicable fundamental miscarriage of justice case law, including decisions rendered since the filing of this Petition, further confirms this Court's previous conclusion that the Petitioner has not met the applicable standards with regard to securing relief on

8

his Claims II through V as they have been presented in this Petition.

For the reasons stated in the Memorandum and Order filed on February 17, 1992 and for the additional reasons stated herein, the Court finds that the original Order of Dismissal of Claims II, III, IV, and V should not be vacated and that the Petitioner's Motion to Alter, Amend, Vacate or Reconsider Judgment should be denied.

The Clerk shall send a copy of this Memorandum to counsel for the Petitioner and counsel for Respondent.

Done this 8th day of May, 1993 at McAllen, Texas.

_____
Ricardo H. Hinojosa
United States District Judge