IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| LEONEL TORRES HERRERA ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION |
| vs. ) | NO. M-92-30 |
| ) | |
| JAMES A. COLLINS, ) | |
| Director, Texas Department ) | |
| of Criminal Justice, ) | |
| Institutional Division, ) | |
| ) | |
| Respondent. ) | |

REQUEST FOR REAFFIRMATION OF CERTIFICATE OF PROBABLE CAUSE
TO AUTHORIZE APPEAL

Petitioner, Leonel Torres Herrera, by undersigned counsel, requests that this Court reaffirm its grant of a certificate of probable cause to appeal in this case. As the Court is aware, and mentioned in its Order denying petitioner's Rule 59 motion, the state has (wrongly) contended that no action was pending before this court. The Court's resolution of that argument--that the appellate court's treatment of the appeal herein related only to the stay of execution issue, and that the habeas corpus action has been at all times still an active case before the court--is relevant to a certificate of probable cause issue.

This Court earlier granted a certificate of probable cause to appeal. It appears that that Order is still extant, and was rightly entered. However, in order to assure Petitioner that he can proceed on appeal, he requests that the Court reaffirm the entry of a certificate of probable cause to appeal.

One set of issue in particular should still merit a certificate of probable cause to appeal--the issues revolving around <u>Penry v. Lynaugh</u>, 492 U.S. 302 (1089). Since February of 1992, the United States Supreme Court has held cases, and stayed executions in, issued opinions in, and granted certiorari regarding, many cases raising <u>Penry</u> issues. For example:

* On January 25, 1993, the Court announced its opinion in <u>Graham v. Collins</u>, No. 91-7580, holding that the rule sought by Mr. Graham, unlike the rule applied in <u>Penry</u>, would be a new rule for non-retroactivity purposes. In so doing, the Court provided an exegesis of sorts regarding <u>Penry</u>,[1] and, in dissent, Justice Souter correctly predicted that further Court consideration of <u>Penry</u> issues would be forthcoming.[2]

* On February 9, 1993, the Court granted a stay of execution in order to consider the petition filed in <u>Hawkins v. Texas</u>, No. 92-7562. In <u>Hawkins</u>, the Texas Court of Criminal Appeals had denied the petitioner's <u>Penry</u> claim raised in a second petition for writ of habeas corpus. The denial was on

---

[1] As noted by Judge Maloney in dissent from the Texas Court of Criminal Appeals' decision rejecting the merits of Petitioner's <u>Penry</u> claim, "neither we nor the Supreme Court of the United States have yet to fully define the extent, boundaries and limitations of <u>Penry</u> type evidence." <u>Graham</u> provided some definition, but, by all accounts, more definition is imminent.

[2] Justice Souter, unlike the majority of the Court, addressed "the merits of the [<u>Penry</u>] claim," <u>Graham v. Collins</u>, 113 S.Ct. 892, 921 (1993)(Souter, J., joined by Blackmun, J., Stevens, J., and O'Connor, J., dissenting), and noted that "[t]he full court may do the same in responding to several pending petitions for certiorari presenting the same question involved in this case, but on direct review." <u>Id</u>, n. 5. Justice Souter then cited three pending cases, and in one of them -- <u>Johnson v. Texas</u>, No. 92-5653 -- certiorari was later granted, as is discussed in text, <u>infra</u>.

the merits. The Court granted the stay of execution in order to consider, <u>inter alia</u>, the following questions presented:

> A. Whether the "deliberateness" and "future dangerousness" special issues afforded Petitioner's jury a reliable means of giving mitigating effect to evidence regarding his chronic mental impairment and childhood abuse?
>
> B. Is the Eighth Amendment violated when mitigating evidence regarding a capital defendant's mental illness and childhood abuse is relevant to the "deliberateness" and "future dangerousness" special issues only in an aggravating manner?
>
> C. Whether the Texas Court of Criminal Appeals has faithfully applied this Court's Decision in <u>Penry v. Lynaugh</u>.[3]

* On February 19, 1993, the Court granted certiorari in <u>Johnson v. Texas</u>, No. 92-5653. <u>Johnson</u> presents the following issue: Did the Texas capital sentencing statute unconstitutionally preclude the jury from giving full mitigating effect to the petitioner's youthful age [nineteen] at the time of the offense?

* In <u>Selvage v. Collins</u>, No. 92-7124, the Petitioner has presented the following reasons for granting the writ:

> Question 1
>
> In light of <u>McCleskey v. Zant's</u> importation of procedural default principles into the abuse of the writ doctrine, the Court below erred in holding that Mr. Selvage's conduct disentitled him to federal review of his meritorious <u>Penry</u> claims where the state court expressly held, in its

---

[3]On January 11, 1993, the Court stayed the execution in another case in the same procedural posture. See <u>Bonham v. Texas</u>, No. 92-7213.

3

> intervening decision, that the claim was no longer subject to default and that no other finality interest barred merits review in federal court. Moreover, this decision stands in conflict with Eleventh Circuit and other Fifth Circuit decisions, and Mr. Selvage in any event shows adequate "cause" and "prejudice."
>
> Question 2
>
> Sawyer v. Whitley's "innocence-of-the-death-penalty" standard, which regards a capital defendant as death-eligible if his sentence rests upon a valid statutory aggravating circumstance, cannot be rationally applied to the Texas scheme that combines consideration of aggravating and mitigating factors in "special issue" questions.
>
> Question 3
>
> Certiorari should be granted to determine whether evidence of chronic drug addiction and non-triggerman status could be adequately considered as mitigating without supplemental instruction under the former statute.
>
> Question 4
>
> Certiorari should be granted to decide whether the former Texas statute, as construed prior to Penry, Unconstitutionally interfered with a capital defendant's right to present mitigating evidence and to have it considered as mitigating in violation of the Sixth, Eighth, and Fourteenth Amendments.

The Selvage petition was filed December 30, 1992. The Court has taken no action on it.

Plainly the substantive and procedural law regarding Penry claims is unsettled. Pending before the Court are Penry claims arising:

    a.) in second or subsequent federal habeas corpus actions, see Bridge v. Collins, No. 92-5841, Selvage v. Collins, No. 92-

4

7124, and in first federal habeas corpus actions, see Cantu v. Collins, No. 92-6394, Drew v. Collins, No. 92-5865, Harris v. Collins, No. 92-5846, Holland v. Collins, No. 92-5088, and Wilkerson v. Collins, No. 91-7669;

b.) in second or subsequent state habeas corpus actions, see Hawkins v. Texas, No. 92-7567, Kelly v. Texas, No. 92-5182, Bonham v. Texas, No. 92-7213, and Granviel v. Texas, No. 91-8435, and in first state habeas corpus actions, see Dunn v. State, No. 92-6953; and

c.) on direct appeal, see Boggess v. Texas, No. 91-5862; Jackson v. Texas, No. 91-7399; Earhart v. Texas, No. 91-8105; Fuller v. Texas, No. 91-8768; James v. Texas, No. 91-8742; Richardson v. Texas, No. 91-6745; Gosch v. Texas, No. 91-8433; Goss v. Texas, No. 91-8516; Joiner v. Texas, No. 92-5153; and Newton v. Texas, No. 92-6942.

All post-conviction Penry issues now being considered by the Court in other cases were presented to and ruled upon by this Court. Given the state of the Supreme Court's docket regarding Penry issues, it is plain that his issues are at least debatable amongst jurors of reason, and on these claims alone a certificate of probable cause to appeal should be entered or reaffirmed.

Respectfully submitted,

*[signature]*

Mark Evan Olive
Attorney in Charge
FL Bar No. 0578553
2804 Glennis Court
Tallahassee, FL  32304
(904) 644-7710

Robert L. McGlasson
TX Bar No. 13634050
Texas Resource Center
1206 San Antonio St.
Austin, TX  78701
(512) 320-8300

Phyllis L. Crocker
TX Bar No. 05087780
*Texas Resource Center
3223 Smith St., Suite 215
Houston, TX  77006
(713) 522-5917
fax (713) 522-2733

* Serve all pleadings and orders on the Houston Office of the Texas Resource Center.

6

## CERTIFICATE OF SERVICE

I hereby certify that, in accordance with Rule 4 of the Rules Governing Habeas Corpus, I have served true and correct copies of the attached pleading on all parties this 11th day of May 1993,

by telecopier transmission to:

>Margaret Portman Griffey, Assistant Attorney General
>Office of the Attorney General for the State of Texas
>Enforcement Division
>Price Daniel Sr. Building
>209 W. 14th Street
>8th Floor
>Austin, TX  78701

and by certified mail, return receipt requested, on this 11th day of May 1993.

>James A. Collins
>Director, Texas Department of Criminal Justice
>Institutional Division
>P.O. Box 99
>Huntsville, TX  77342

*[signature]*